**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**JAMES E. SHIELDS, JR.**                                  **CIVIL ACTION**

**VERSUS**                                                        **NO: 07-3901**

**JAMES E. REID, ET AL**                                  **SECTION: "S" (4)**


<u>**ORDER AND REASONS**</u>

The Motion to Dismiss (Doc. #25) filed by defendant James Reid is **DENIED,** and plaintiff James E. Shields, Jr. is being given ten (10) days within which to amend his complaint to assert the basis for this court's jurisdiction over his dispute with defendant Reid.

**BACKGROUND**

The facts of this case were recited in the court's previous Order and Reasons (Doc. #18) and are not recited here.

**ANALYSIS**

**1. Legal Standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to

challenge the subject matter jurisdiction of the district court to hear a case."[1]  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[2]  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of prooving that jurisdiction does in fact exists.[3]

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[4]  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

## 2.  Insufficient Service

Defendant Reid contends that he has not been properly served.  Once validity of service of process has been contested, plaintiff bears the burden of establishing its validity.[6]

Federal Rule of Civil Procedure Rule 4(e) states that service upon an "individual within a judicial district of the United States" is accomplished by following state law for serving a summons,

---

[1]*Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

[2]*Id.*

[3]*Id.*

[4]*In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

[5]*Id.* at 1965.

[6]*Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

or delivering a copy of the summons and complaint to the individual personally, or leaving a copy of each at the individual's dwelling or usual place of abode, or delivering a copy of each to an agent authorized to receive service of process.[7]

In an earlier ruling, the court denied Reid's motion to dismiss for insufficient service because plaintiff correctly attempted service by mail; plaintiff was given an additional thirty days within which to effect service under Rule 4(e).[8]  Subsequent to the court's order, plaintiff filed a return of service to which was appended an affidavit from a private process server who attests that on April 10, 2008, she rang defendant's doorbell and no one answered; that on April 12, 2008, she returned to the Reid's residence and knocked on the door on two separate occasions and no one answered; and that she left the summons by the door of Reid's residence.

Defendant's argument as to the insufficient service appears to the same argument asserted in his first Motion to Dismiss which was filed before plaintiff achieved service through a private process server.  Defendant does not address plaintiff's most recent return of service.

The return on service establishes that plaintiff has achieved service upon the defendant.

## 3.  Lack of Subject Matter Jurisdiction

Defendant Reid argues that plaintiff fails to allege the basis of jurisdiction for the claims asserted him and that as a result, plaintiff's claim against him should be dismissed.  Further, defendant notes that both plaintiff and defendant are residents of Louisiana, so diversity jurisdiction cannot apply to this dispute.

---

[7]Fed. R. Civ. Proc. 4(e).

[8]See Doc. #

Plaintiff , who is an attorney proceeding *pro se*, alleges that this court has jurisdiction over the Internal Revenue Service because the IRS can only be sued in federal court.[9]  However, the plaintiff asserts no basis for his dispute against Reid.

Under 28 U.S.C. §1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[10]  As the Fifth Circuit instructs, section 1653 "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds."[11]

The motion to dismiss is **DENIED**, and plaintiff is being given ten (10) days within which to assert the basis for this court's jurisdiction over his dispute with defendant Reid.[12]

New Orleans, Louisiana, this   5th   day of November, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[9]*See* 28 U.S.C. §1340.

[10]*See also Csorba v. Varo, Inc.*, 58 F.3d 636 (5th Cir. 1995) (dismissal vacated and remanded to allow plaintiff to cure defective allegations of jurisdiction) and 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §1350 (1990).

[11]*Whitmire v. Victus Ltd.*, 212 F3d 885 887 (5th Cir. 2000).

[12]Because the court is allowing plaintiff to amend his complaint to allege the jurisdictional basis for his claims against Reid, the court need not address defendant's other bases for dismissal

4